THE HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| RICHARD FRANKLIN<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation and GEICO GENERAL INSURANCE COMPANY, A Maryland Corporation,<br><br>Defendants. | Case No.: 3:10-cv-05183-BHS<br><br>**DEFENDANTS' MOTION TO DISMISS F.R.Civ.P 12(b)(1)**<br><br>NOTE ON MOTION CALENDAR:<br><br>[June 25, 2010] |

### I.   MOTION

Defendants, Government Employees Insurance Company ("GEICO") and GEICO General Insurance Company ("GEICO General"), by their undersigned counsel, move pursuant to Rule 12(b)(1) to dismiss all claims against GEICO and to dismiss all claims against both defendants insofar as it is alleged that defendants breached the insurance contract by paying uninsured or underinsured motorist property damage ("UMPD") claims under the comprehensive or collision coverage provisions of their policies. Plaintiff lacks standing to

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 1

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

bring these claims, and to represent the putative class, because he was not insured by GEICO and because his claim was paid under the UMPD provision of his GEICO General policy.

## II.    INTRODUCTION & SUMMARY

This is a putative, nationwide class action against two defendants, GEICO and GEICO General, in which the named plaintiff, Richard Franklin alleges that defendants breached the "UMPD" coverage provisions of his automobile insurance policy by not paying purported "diminished value" ("DV") loss allegedly sustained by plaintiff's auto in a November 1, 2008 auto collision. At that time, Mr. Franklin was an insured under a Washington family automobile insurance policy issued by GEICO General (Policy No. 4044-84-57-68). Plaintiff did not and does not have insurance with GEICO. Plaintiff therefore lacks standing to bring any claim against GEICO.

In addition, plaintiff alleges that defendants improperly paid vehicle damage claims under their insureds' collision and comprehensive property damage coverages, when those claims should have been paid under UMPD, thereby improperly charging insureds a higher deductible and causing "negative rating implications" for insureds. Compl. ¶¶1.5, 1.6, 6.9(d), 7.6. Plaintiff seeks declaratory and injunctive relief, as well as money damages, based on this alleged conduct. However, Mr. Franklin's November 1, 2008 property damage claim was paid under his UMPD coverage and not under his comprehensive or collision coverage. Further, his UMPD deductible was paid by the uninsured motorist. Consequently, he cannot establish any redressable injury as a result of this alleged practice and lacks standing to bring any claim against either defendant based on these allegations.

Plaintiff's lack of individual standing is fatal to his request to represent putative class members with such claims because a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members. Accordingly, all

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 2

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

class claims against GEICO and all class claims related to the alleged mischaracterization of property damage claims should be dismissed.

### III. PLAINTIFF'S COMPLAINT AND RELATED FACTS

Plaintiff's claims, and those of the putative class, are based on the contractual relationship of insurer and insured. See e.g. Compl. ¶¶1.1, 3.1, 4.2, 6.2, 6.6. Plaintiff alleges that Defendants breached the UMPD coverage provisions of his and other class members' automobile insurance policies by not paying UMPD benefits for alleged DV losses sustained in auto accidents covered by their insurance policies. See e.g. Compl. ¶¶1.3, 1.4, 4.4, 6.8.[1] Franklin's claims are based on a November 1, 2008 auto accident and on his auto insurance in effect on that date. See Compl. ¶¶4.1, 4.2, 4.4.

Plaintiff's Complaint also contains allegations that GEICO "mischaracterize[es] coverage" by paying UMPD claims under an insured's collision and comprehensive property damage coverages thereby improperly charging its insureds a higher deductible and causing "negative rating implications" for its insureds. See Compl. ¶¶1.5, 1.6. It alleges that payment of a UMPD claim or hit-and-run claim under an insured's collision or comprehensive coverage is a breach of contract. See Compl. 6.9(d), 7.6. Plaintiff's proposed classes therefore include insureds of the Defendants who had UMPD coverage and had a UMPD insurance claim but who received insurance benefits under the insured's collision or comprehensive coverage. See Compl, ¶¶6.2, 6.6. Plaintiff alleges an "actual dispute" exists between himself and GEICO because GEICO mischaracterizes UMPD and hit and run claims. See Compl. ¶7.15.

---

[1] Although Plaintiff's Complaint defines "underinsured and/or uninsured property damages" as "UIM" (see Compl. ¶1.2) because this acronym ("UIM") and its meaning in Defendants' insurance policies may vary from state to state, Defendants will generally refer in this Motion to underinsured and/or uninsured property damage coverage as "UMPD."

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 3

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

Based on these allegations, plaintiff seeks relief from the Court, including an order declaring that GEICO should "reverse all consequences of paying Class Members' UIM and hit-and-run claims under its collision or comprehensive coverage and equitably compensate Class Members accordingly, including compensation for diminished value loss and payment of higher deductibles." See Compl. ¶¶6.4, 7.10, 7.16. Plaintiff also seeks injunctive relief to prevent Defendants from paying hit-and-run or UMPD claims under the collision and comprehensive coverage provisions of its policies and alleges he has been harmed by GEICO's mischaracterization of UMPD or hit-and-run claims as collision or comprehensive claims. See Compl. ¶¶6.5, 7.22, 7.24.

Although Mr. Franklin alleges that he was insured under a policy issued by "GEICO" (see Compl. ¶¶3.1, 4.2), and refers to defendants throughout the Complaint collectively as "GEICO," the policy attached as Exhibit A to his Complaint was issued by GEICO General, not GEICO.[2] As further shown by the declaration of Fiona Hunt, filed herewith, Mr. Franklin did not have an insurance policy in force with GEICO on November 1, 2008. See Affidavit of Fiona Hunt, Ex. 1, ¶4. With respect to the claim in question, Mr. Franklin reported a November 1, 2008 accident involving his 2006 Mazda 4x2 Sport (Claim No. 0284851100101057). See Affidavit of Fiona Hunt, Ex. 1, ¶5. During the adjustment of Claim No. 0284851100101057, GEICO General attributed 100% of the fault to the known third party tortfeasor involved in the accident. See Affidavit of Fiona Hunt, Ex. 1, ¶5. Claim No. 0284851100101057 did not involve a hit-and-run driver. See Affidavit of Fiona Hunt, Ex. 1, ¶5. The estimate to repair the damage that occurred to Franklin's vehicle in the November 1, 2008 accident was $5,098.46. See Affidavit of Fiona Hunt, Ex. 1, ¶6. GEICO General paid

---

[2] Exhibit A purports to be a copy of Mr. Franklin's current policy documents, not the policy documents in force in November 2008, when the subject claim arose. It is undisputed, however, that Mr. Franklin was covered by GEICO General at that time. *See* Hunt decl. ¶¶ 3&4.

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 4

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

$4,998.46 for the repairs to Franklin's vehicle under the UMPD coverage provisions of his policy. See Affidavit of Fiona Hunt, Ex. 1, ¶6. No insurance benefits were paid under the collision or comprehensive property damage coverage provisions of Plaintiff's policy. See Affidavit of Fiona Hunt, Ex. 1, ¶7. Plaintiff's $100 UMPD deductible was paid by the third party tortfeasor who caused the November 1, 2008 accident. See Affidavit of Fiona Hunt, Ex. 1, ¶8.

### IV.    ARGUMENT

#### 1.    Rule 12(b)(1) Standard

A party invoking a federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. Thompson v. McComb, 99 F.3d 352, 353 (9th Cir. 1996). Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a claim for lack of subject matter jurisdiction based on standing. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003). A jurisdictional challenge under Rule 12(b)(1) may be made on the face of the pleadings (a facial attack) or by presenting extrinsic evidence (a factual attack). Id. at 1139. In assessing standing under Rule 12(b)(1), the court is not required to accept the truth of plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987), *quoting* Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

#### 2.    Article III Standing

Under Article III of the United States Constitution, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 5

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

establishes the requisite standing to sue. Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). To establish the constitutional aspect of standing, the court must determine whether the plaintiff has made out a case or controversy between plaintiff and defendant within the meaning of Article III by demonstrating a sufficient personal stake in the outcome. Warth v. Seldin, 422 U.S. 490, 498 (1975).

The "irreducible constitutional minimum of standing" contains three requirements. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102-03 (1998), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First and foremost, an "injury in fact" must be alleged (and ultimately proven)—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Steel Co. at 103. Second, there must be causation — a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. Id. And third, there must be redressability — a likelihood that the requested relief will redress the alleged injury. This "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." Id. Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties. Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007)

The standing inquiry does not change in the context of a putative class action. See Lewis v. Casey, 518 U.S. 343, 357 (1996) ("That a suit may be a class action … adds nothing to the question of standing …"). Standing remains "a jurisdictional element that must be satisfied prior to class certification" and before proceeding to the merits. Lee v. State of Oregon, 107 F.3d 1382, 1390 (9th Cir.1997); Roshandel v. Chertoff, 554 F.Supp.2d 1194, 1200 (W.D. Wa. 2008); Bates, 511 F.3d at 985. To establish standing, "[a] class representative must be a part of the class and possess the same interest and suffer the same injury as the class members." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-626

DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS AND BRIEF IN SUPPORT (3:10-cv-05183-BHS) – PAGE 6

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

(1997), *quoting* East Tex. Motor Freight System, Inc. v. Rodriquez, 431 U.S. 395, 403 (1977). Standing cannot be predicated on an injury which the plaintiff has not suffered. Allee v. Medrano, 416 U.S. 802, 828-29 (1974). Where a plaintiff sues more than one defendant, he must establish the requisite case or controversy against each named defendant. O'Shea v. Littleton, 414 U.S. 488, 494 (1974)) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

### 3.    Plaintiff Lacks Standing with Respect to Defendant GEICO

The facts alleged in the Complaint all relate to the alleged failure to pay for purported diminished value loss under an insurance policy issued by GEICO General. GEICO General is the only entity with a contractual relationship with any obligation to Plaintiff with respect to the November 1, 2008 insurance claim. Although Plaintiff generally refers to both Defendants as "GEICO," the policy documents attached to the Complaint show that his insurance policy is with GEICO General. Government Employees is not a party to the insurance contract with Plaintiff and did not provide Plaintiff with coverage for the November 1, 2008 claim. See Affidavit of Fiona Hunt, Ex. 1, ¶¶3, 4 and Ex. 1(A).  Accordingly, plaintiff's complaint fails to make out a claim against GEICO and fails to allege an "injury in fact" that is traceable to conduct of GEICO.  The other two elements of standing – causation and redressability – are also lacking for the same reasons.

In two recent decisions, judges of this Court have dismissed claims against insurers other than those who issued policies to the plaintiffs. See Shin v. Esurance Ins. Co., No. C8-5626, 2009 WL 688586, at *5 (W.D. Wash. Mar. 13, 2009); Hovenkotter v. Safeco Corporation, No. C09-218-JLR (8/3/09 Order (Doc. No. 13), Ex. 2 hereto) (dismissing claims against defendants on the basis of lack of standing because the plaintiff insured did not have

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 7

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

any relationship, contractual or otherwise, with them) (Exhibit 2 hereto). In Shin v. Esurance Ins. Co., Judge Leighton considered a situation where the plaintiff alleged that the defendant insurers operated under one umbrella, shared employees, operated as alter-egos of one another and were therefore "juridically linked." Rejecting these contentions, the Court stated:

> Ms Shin's alleged injuries occurred from her contact with EIC and EISI, not from EIC and EISI's agreements with sister companies. The Court refuses to embrace the notion that all related companies may be haled into court for the actions of one (or in this case two) of those inter-related, but distinct, companies merely because they have agreed on common practices. The purported fact that the companies share employees does not change the undeniable fact that they are still separate companies …. The juridical link doctrine does not save Ms Shin's suit against EPCIC and EI.

Shin, at *5.

Judge Robart issued a similar ruling recently in another UMPD "diminished value" case, involving the Safeco insurance companies, where the complaint alleged a contractual relationship between the plaintiff and one Safeco company, but then additional made allegations that the affiliated defendants had common ownership, engaged in the same or similar conduct, and each used the same centralized process to handle property damage claims.[3] The court found these allegations insufficient to show an injury that was fairly traceable to the other companies, stating:

> Mr. Hovenkotter must allege facts sufficient to support a finding that he has suffered an "injury in fact" at the hands of Safeco Corporation and Safeco America. That is, he suffered an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations, internal quotation marks,

---

[3] The detailed allegations to which Judge Robart referred include allegations that the companies operated under an umbrella of companies, employed joint personnel which may work for multiple companies, had intercompany reinsurance agreements, could collect and receive all premiums and adjust and pay all losses across company lines, and that there were assignments between Safeco America and other related companies. See Ex. 2, at 5-6.

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 8

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

and footnote omitted). A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." Id. at 560 n.1. A plaintiff normally does not have standing where the only "asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens." Warth, 422 U.S. at 499 (citing United States v. Richardson, 418 U.S. 166, 1740180 (1974)).

Ex. 2 at 6.

Hovenkotter also rejected plaintiff's attempt to invoke the notion that the "juridical link" doctrine permits "related companies [to] be sued by one plaintiff having claims against only one company based on a theory that the defendants are all engaged in the same activity." Id. at 8.

Just as in Shin and Hovenkotter, Mr. Franklin has not alleged that any action traceable to GEICO caused him "injury in fact." Plaintiff's general allegation that GEICO is directly involved in the alleged conduct because it "adjusts and sets the claims adjusting policies for payment of diminished value on UIM claims for all the GEICO family of companies, including GEICO General"[4] is insufficient to establish standing. Each of Franklin's claims is based on Franklin's GEICO General insurance policy. As Franklin has no relationship, contractual or otherwise, with Government Employees, and has not suffered any injury in fact from that company's actions, he lacks standing to bring claims against it.

**4.    Plaintiff Lacks Standing to Bring Any Claims That Are Based on Alleged Improper Payment of His UMPD Claim Under His Comprehensive or Collision Coverages**

Plaintiff alleges that Defendants breached his insurance contract by paying vehicle property damage claims under collision or comprehensive property damage coverages, when those claims should have been paid under UMPD coverage, thereby improperly charging

---

[4] Plaintiff's Complaint, ¶1.7.

DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS AND BRIEF IN SUPPORT (3:10-cv-05183-BHS) – PAGE 9

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

insureds a higher deductible and causing "negative rating implications" for insureds. See Compl. ¶¶1.5, 1.6, 6.9(d), 7.6. Yet nowhere does Plaintiff allege that <u>his</u> November 1, 2008 claim was paid under his collision or comprehensive coverage. Nor does Plaintiff allege that he suffered injury by paying a higher or improper deductible or that he personally suffered a "negative rating implication." In fact, the evidence shows that Mr. Franklin's November 1, 2008 property damage claim was paid under his UMPD coverage and that he was fully reimbursed for the deductible by the party at fault. See Ex. 1, ¶¶6, 8. Thus, although he alleges that payment of a UMPD claim or hit-and-run claim under an insured's collision or comprehensive coverage is a breach of contract (see Compl. 6.9(d), 7.6), the records show that Mr. Franklin lacks standing to bring any claim based on this alleged conduct.

Plaintiff's lack of individual standing with respect to these allegations is fatal to his claim seeking to represent a class of persons with such claims because a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members. Amchem Products, Inc. v. Windsor, 521 U.S. at 625-626 (1997). To satisfy standing, a plaintiff cannot rest on allegations based solely on unidentified class members. Shin v. Esurance Ins. Co., 2009 WL 688586 at *5. In his Complaint, Plaintiff's proposed classes include insureds of the Defendants who had UMPD coverage and had a UMPD insurance claim but who received insurance benefits under the insured's collision or comprehensive coverage. See Compl, ¶¶6.2, 6.6. Because Plaintiff lacks individual standing with respect to any such claim, he lacks standing to represent any putative class with such claims and all class allegations which purport to include class members with such claims should be stricken from the Complaint.

DEFENDANTS' RULE 12(B)(1) MOTION TO
DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 10

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

## V.  CONCLUSION

For the reasons set forth herein, the Court should dismiss GEICO as a defendant and dismiss all claims and strike all allegations in the Complaint which are based on the alleged improper payment of insurance benefits under collision or comprehensive property damage coverage.

Respectfully submitted this 3rd day of June 2010.

/s/ Meloney Cargil Perry
Meloney Cargil Perry - Texas Bar No. 00790424
*Pro Hac Vice*
Meckler Bulger Tilson Marick & Pearson, LLP
10,000 North Central Expressway
Suite 1450
Dallas, TX  75231
Telephone:  (214) 265-6200
Fax: (214) 265-6226
E-mail: meloney.perry@mbtlaw.com

and

Michael Madden, WSBA #08747
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101
Telephone: (206) 622-5511
Fax:  (206) 622-8986
E-mail: mmadden@bbllaw.com

ATTORNEYS FOR DEFENDANTS

DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS AND BRIEF IN SUPPORT
(3:10-cv-05183-BHS) – PAGE 11

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

## DECLARATION OF SERVICE

I hereby certify that on June 3rd, 2010, I served the document to which this Declaration is attached through the CM/ECF system which served copies to the following parties:

Debra Brewer Hayes:   dhayes@dhayeslaw.com
Stephen M. Hansen:    llhlaw@aol.com
Elaine A. Ryan:       eryan@bffb.com
Patricia N. Syverson: psyverson@bffb.com
David A. Futscher:    dfutscher@pdfslaw.com
Van Bunch:            vbunch@bffb.com

There are no other parties to serve.

Dated this 3rd day of June, 2010.

    s/ Meloney Cargil Perry
Meloney Cargil Perry, Texas Bar No. 00790424
*Pro Hac Vice*
Attorneys for Defendants

647247v1&4010/80368

DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS AND BRIEF IN SUPPORT (3:10-cv-05183-BHS) – PAGE 12

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226