IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD FRANKLIN<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland Corporation and GEICO GENERAL INSURANCE COMPANY, A Maryland Corporation,<br><br>Defendants. | Case No.: 3:10-cv-05183-BHS<br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule CR 16 and this Court's March 18, 2010 Minute Order, the parties provide the Court with this Combined Joint Status Report and Discovery Plan.

**1.      Nature and Complexity of the Case**

**(A)     Plaintiff's Statement**

Plaintiff has alleged that the Defendants breached the uninsured/underinsured provisions of Plaintiff's and Class Members' insurance policies by failing to inform Plaintiff

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 1

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

and Class Members of their right to recover diminished value, failing to inspect their damaged vehicles for diminished value loss and failing to compensate Plaintiff and members of the putative class for the diminished value loss their vehicles sustained from having incurred paint, body and/or structural damage incapable of complete and full repair.

Plaintiff seeks certification of a Rule 23(b)(2) Class because the primary relief Plaintiff requests is an order directing Defendants to specifically perform their contractual obligations, including notifying Class members of their diminished value coverage, reassessing their claims to identify any diminished value loss and compensating Class members in accordance with the applicable State law. Specific performance is much more certain, prompt, complete, efficient and manageable than a damages award because, *inter alia,* Defendants bear the burden of assessing each Class member's diminished value loss according to the applicable laws where they do business – a burden they have contractually assumed but failed to perform. Certification of a Rule 23(b)(2) specific performance Class eliminates the need for the Court to determine how diminished value is measured in each state or the amount of diminished value compensation, if any, owed to each Class member. Alternatively, Plaintiff seeks certification of a Rule 23(b)(3) damages Class because all states recognize that diminished value is a compensable loss.

**(B)    Defendants' Statement**

This is a putative, nationwide class action against Government Employees Insurance Company and GEICO General Insurance Company.  The named Plaintiff, Richard Franklin, on behalf of himself and other insureds of the Defendants, alleges that Defendants breached the uninsured/underinsured motorist ("UM/UIM") property damage ("UMPD") coverage provisions of his automobile insurance policy because Defendants did not pay UMPD benefits for "diminished value" allegedly sustained by Plaintiff's auto in a November 1, 2008 auto accident.    Plaintiff seeks compensatory damages for breach of contract, "equitable

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 2

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

compensation," class representative "incentive fees," post-judgment interest, and declaratory and injunctive relief. Plaintiff seeks class certification under Fed.R.Civ.P. 23(b)(2) and in the alternative, under Fed.R.Civ.P. 23(b)(3). Plaintiff proposes that the class will be comprised of insureds of the Defendants who received UMPD insurance benefits and benefits under Comprehensive and Collision Property Damage coverage. Defendants contend that class certification under either Rule 23(b)(2) or (b)(3) is inappropriate in this case. Further, although Plaintiff seeks class certification under Rule 23(b)(2), an examination of the injunctive and declaratory relief sought in the Complaint demonstrates that monetary damages, not injunctive relief, are the primary and predominant relief sought by Plaintiff on behalf of the class.

On November 1, 2008, Plaintiff Richard Franklin was an insured under a Washington family automobile insurance policy issued by one of the Defendants, GEICO General Ins. Co. ("GEICO General"), (Policy No. 4044-84-57-68) and such policy contained UMPD coverage for a 2006 Mazda 4x2 Sport. Franklin reported an insurance claim for the November 1, 2008 accident (Claim No. 0284851100101057). Plaintiff did not and does not have an insurance policy with Defendant Government Employees Insurance Company. During the adjustment of Claim No. 0284851100101057, GEICO General attributed 100% of the fault to the third party tortfeasor involved in the accident. The estimate to repair the damage to Franklin's vehicle was $5,098.46. GEICO General paid $4,998.46 for the repairs to Franklin's vehicle under the UMPD coverage provisions of his policy. No insurance benefits were paid to Plaintiff for Claim No. 0284851100101057 under the Collision or Comprehensive Property Damage coverage provisions of Plaintiff's policy. Plaintiff's $100 UMPD deductible was paid to Plaintiff by the third party tortfeasor.

After the repairs were made to Plaintiff's vehicle, Plaintiff sought $3,788.00 in additional UMPD benefits from GEICO General for the alleged "inherent diminished value"

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 3

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

of his vehicle. GEICO General re-inspected Plaintiff's vehicle and determined that all repairs were performed in accordance with the estimate and the quality of workmanship met generally accepted industry standards. GEICO General disagreed with Plaintiff's opinion that his vehicle had sustained any inherent diminution in value. However, because Plaintiff is a valuable customer, GEICO General offered Plaintiff an additional $2,500 in UMPD benefits to settle Plaintiff's claim. To date, Plaintiff has not accepted this offer of additional UMPD benefits.

Defendants deny that they have breached the UMPD provisions of Plaintiff's contract, deny that they have failed to fulfill any contractual or other duty to Plaintiff, dispute that all vehicles necessarily suffer an "inherent diminution in value" that cannot be restored simply because they are in an accident, dispute that Plaintiff's vehicle sustained "inherent diminished value" from the November 1, 2008 accident, deny that Plaintiff is entitled to any additional contract benefits, damages, equitable compensation or other monetary compensation, and deny that Plaintiff is entitled to any declaratory or injunctive relief. Defendants further deny that Plaintiff has standing to sue Defendant Government Employees Insurance Company as Plaintiff did not have an insurance policy with that Defendant, and deny that Plaintiff has standing to sue either Defendant on the basis of payment of Collision and/or Comprehensive Property Damage coverage benefits as Plaintiff's November 1, 2008 claim did not involve those coverages and Plaintiff was not paid benefits from those coverages, and deny that Plaintiff can represent a class of claimants against Governments Employees Insurance Company or either Defendant based on the mischaracterization claim. On these bases, Defendants have filed a motion to dismiss under Rule 12(b)(1), which is now fully briefed.

**2.    The Results of the FRCP 26(f) Conference.**

The parties have agreed upon a discovery plan, as detailed below.

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 4

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

**3. Proposed Deadline for Joining Additional Parties**

The parties suggest that the deadline for joining additional parties be 45 days after the Court has ruled on Defendants' motion to dismiss or not later than September 1, 2010.

**4. Statement Regarding ADR Method to be used or Statement that there should be no ADR.**

The parties agree that non-binding Mediation would be an acceptable ADR method.

**5. Statement Regarding Time When Mediation or Other ADR Proceeding Should Take Place.**

The parties suggest that non-binding ADR be set as part of the trial schedule set after the Court rules on Plaintiff's Motion for Class Certification and according to the customary practice of this Court.

**6. Proposed Discovery Plan**

    **(a) The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;**

The Rule 26(f) conference of the parties was held on June 24, 2010 by telephone. Counsel for the Plaintiffs in attendance were: Debra Brewer Hayes, Reich & Binstock. Counsel for Defendants in attendance were: Meloney Cargil Perry, Meckler Bulger Tilson Marick & Pearson, LLP, and Michael Madden, Bennett Bigelow & Leedom, P.S. The parties have served or will serve their respective Rule 26(a)(1) Initial Disclosures not later than July 9, 2010.

    **(b) The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;**

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (3:10-cv-05183-BHS) - 5

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

The parties are in agreement that initial discovery should be focused on matters relevant to class certification and that a period of approximately nine months should be allocated for the purpose, provided that discovery relative to class issues shall not be duplicated during merits discovery. If and when a class is certified, the Court should set a schedule for resolution on the merits, including merits discovery, dispositive motions and trial. The parties further agree that discovery should commence on the next business day that is at least 15 days after the Court has ruled on Defendants' motion to dismiss.

   **(c)    What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules and what other limitations should be imposed;**

The parties do not anticipate the need for changing the limitations on discovery imposed under the Federal and Local Civil Rules or any other limitations at this time.

   **(d)    A statement of how discovery will be managed so as to minimize expense (e.g. by forgoing or limiting depositions, exchanging documents informally, etc.); and**

The parties and their respective counsel are experienced in matters of this nature, including specifically class claims for recovery of alleged diminished value, and will use that experience to expedite and minimize discovery expense.

   **(e)    Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).**

The parties anticipate that they will be able to manage issues concerning confidential or propriety information by stipulation.

   **7.    The date by which the remainder of discovery can be completed.**

The parties propose that class discovery be completed by April 1, 2011. The parties further propose that the Court establish dates for service of expert reports under Rule 26(a)(2)(B) as follows:

| | |
|---|---|
| COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (3:10-cv-05183-BHS) - 6 | **Meckler Bulger Tilson Marick & Pearson LLP**<br>10000 N. Central Expy, Suite 1450<br>Dallas, TX 75231<br>Tel (214) 265-6200 \| Fax (214) 265-6226 |

- Plaintiff                                November 5, 2010
- Defendant                            December 20, 2010
- Plaintiff rebuttal (if any)       January 19, 2011

**8.   Consent to Assignment of this case to a full-time U.S. Magistrate Judge?**

The parties do not agree to a magistrate judge.

**9.   Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties have agreed to focus on class certification during this initial stage. The parties recognize there will be overlap between class certification issues and liability issues and thus, do not propose any formal bifurcation. The parties propose the following schedule for consideration of class certification:

- Plaintiff's Motion for Class Certification to be served and filed not later than May 6, 2011 and noted for July 8, 2011.
- Defendants' Opposition to be served and filed not later than June 13, 2011.
- Plaintiff's Reply to be served and filed not later than July 8, 2011.

**10.  Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i) and (l) and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties do not have a position on this issue at this time.  The question should be addressed following a ruling on class certification.

**11.  Any other suggestions for shortening or simplifying the case.**

The parties do not have any other suggestions for shortening or simplifying the case.

**12.  The date the case will be ready for trial.**

A case schedule leading up to the setting of a trial date should be established following a ruling on Plaintiff's motion for class certification.

**13.  Whether the trial will be jury or non-jury.**

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 7

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

Plaintiff and Defendants have requested that this case be tried to a jury.

**14.   The total number of trial days required.**

The parties are not certain at this time as to the number of days it will take to complete a trial of this matter.

**15.   The dates on which trial counsel may have complications to be considered in setting a trial date.**

Not applicable.

**16.   Whether this case should be considered for designation for trial at the Federal Building in Vancouver, WA (which cannot accommodate a jury trial).**

The parties agree that the case should be heard in Tacoma.

**17.   Statements regarding service on parties.**

All defendants have been served.

Respectfully submitted this 7 day of July 2010.

**ATTORNEYS FOR PLAINTIFF**

/s/ Debra Brewer Hayes
Debra Brewer Hayes, State Bar No.05656790
Reich & Binstock
4625 San Felipe, Ste 1000
Houston, TX  77027
Telephone:  713-862-2152
E-mail:  dhayes@dhayeslaw.com

And

Stephen M. Hansen, WSBA #15642
Lowenberg Lopez & Hansen
950 Pacific Ave, Ste 450
Tacoma, WA  98402
Telephone:  253-383-1964
E-mail:  llhlaw@aol.com

///

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (3:10-cv-05183-BHS) - 8

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

1  ///

2  ///

3  **ATTORNEYS FOR DEFENDANTS**

4  /s/ Meloney Cargil Perry
Meloney Cargil Perry - State Bar No. 00790424
Meckler Bulger Tilson Marick & Pearson, LLP
10,000 North Central Expressway
Suite 1450
Dallas, TX  75231
Telephone:  (214) 265-6200
Fax: (214) 265-6226
E-mail: meloney.perry@mbtlaw.com

and

Michael Madden
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101
Telephone: (206) 622-5511
Fax:  (206) 622.8986
E-mail: mmadden@bbllaw.com

---

COMBINED JOINT STATUS REPORT AND
DISCOVERY PLAN (3:10-cv-05183-BHS) - 9

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226

## CERTIFICATE OF SERVICE

I hereby certify that on July 7th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Futscher
dfutscher@pdfslaw.com

Debra Brewer Hayes
dhayes@dhayeslaw.com

Elaine A. Ryan
eryan@bffb.com

Patricia N. Syverson
psyverson@bffb.com

Van Bunch
vanb@earthlink.net

Stephen M. Hansen
llhlaw@aol.com

Michael Madden
mmadden@bbllaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

s/ Debra Brewer Hayes

646858v1&4010/80368

{1602.00006/M0142361.DOC; 1}

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN (3:10-cv-05183-BHS) - 10

**Meckler Bulger Tilson Marick & Pearson LLP**
10000 N. Central Expy, Suite 1450
Dallas, TX 75231
Tel (214) 265-6200 | Fax (214) 265-6226